UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY E. GONYEA,

    Petitioner,

v.

J.A. TERRIS,

    Respondent.

Case No. 19-cv-11125
Hon. Matthew F. Leitman

_____/

# ORDER DENYING PETITIONER'S PETITION
# FOR WRIT OF HABEAS CORPUS (ECF #1)

Petitioner Jerry Gonyea has filed a petition for habeas corpus under 28 U.S.C. § 2241 ("Section 2241"). For the reasons explained below, the petition is DENIED.

# I

In the spring of 1994, while Gonyea was on parole for murder, Gonyea and an accomplice twice robbed a Comerica Bank in Taylor, Michigan. (*See* Resp., ECF No. 6, PageID.42–43; *United States v. Gonyea*, 140 F.3d 649, 650 (6th Cir. 1998).) According to the Government, "[D]uring the robberies [Gonyea and his accomplice] brandished guns, forced customers to the ground, attempted to kill one customer, and threatened to kill everyone else – including a group of Girl Scouts who were selling cookies." (Resp., ECF No. 6, PageID.43.) Gonyea later pleaded guilty to (1) two counts of bank robbery in violation of 18 U.S.C. § 2113(a) ("Section 2113(a)")

1

and (2) two counts of using a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) ("Section 924(c)(1)(A)"). (*See* Resp., ECF No. 6, PageID.43; *United States v. Gonyea*, No. 94-cr-80346, 2012 WL 5205874, at *1 (E.D. Mich. Oct. 22, 2012).) The "crimes of violence" underlying the two Section 924(c)(1)(A) convictions were Gonyea's two alleged bank robberies. (*Id.*) Per Gonyea's plea agreement and the sentencing guidelines, the Court sentenced Gonyea to 351 months' imprisonment. (*Id.*)

On April 15, 2019, Gonyea filed a petition for habeas corpus under Section 2241.[1] (*See* Pet., ECF No. 1.) He argues that in light of recent Supreme Court rulings, his bank robberies were not "crimes of violence" under Section 924(c)(1)(A). (*See id.*, PageID.9–19 (citing, among other cases, *Mathis v. United States*, 136 S. Ct. 2243 (2016)).) Gonyea also argues that his "25-years in mandatory minimums for two [Section] 924(c) convictions constitutes cruel and unusual punishment in violation of his Eighth Amendment Rights of the U.S. Constitution."[2] (*Id.*, PageID.19–27.) For the reasons explained below, the Court disagrees and therefore **DENIES** Gonyea's Petition.

---

[1] The Government contends that Gonyea's claims are not cognizable under Section 2241. (*See* Resp., ECF No. 6, PageID.49–50.) Because the Court is dismissing Gonyea's claims on the merits, the Court will not address this issue.

[2] On September 10, 2019, Gonyea filed a letter with the Court explaining that he was not able to file a timely reply brief or request a hearing because he was deceived by a person who held herself out as an attorney. (*See* Letter, ECF No. 8.) The Court, however, does not require additional briefing before ruling on this matter.

## II

Section 924(c)(1)(A) "prohibits using a firearm in furtherance of a crime of violence." *Deatrick v. Sherry*, 451 F. App'x 562, 565 (6th Cir. 2011). For purposes of Section 924(c)(1)(A), a "crime of violence" is a felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of the definition is known as the "elements clause," while Subsection (B) is called the "residual clause." *See Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019). The Supreme Court recently invalidated the residual clause as unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). But an offense is still a "crime of violence" if it satisfies the elements clause. *See, e.g.*, *Knight*, 936 F.3d at 497 (holding that assault and robbery of a postal employee constituted a "crime of violence" because it satisfied the elements clause). Thus, the question posed by Gonyea's attack on his Section 924(c)(1)(A) convictions is: do Gonyea's bank robberies constitute "crimes of violence" under the elements clause? They do.

Courts apply a "categorial approach" to determine whether an offense qualifies as a "crime of violence" under the elements clause. *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). "Under [that] approach, a court 'focuses on the

3

statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance.'" *Id.* (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)). "Courts use a variant of this method – labeled (not very inventively) the 'modified categorical approach' – when a prior conviction is for violating a so-called 'divisible statute,' which sets out one or more elements of the offense in the alternative." *Id.* (quotation omitted). A court applying the modified categorical approach "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

The Court applies the modified categorical approach here because Section 2113(a) "is divisible." *Johnson v. United States*, No. 18-6080, 2019 WL 193916, at *2 (6th Cir. Jan. 4, 2019). More specifically, Section 2113(a) consists of two separate paragraphs that set out elements of the offense in two alternatives. The first paragraph of Section 2113(a) prohibits robbing or attempting to rob a bank by force and violence or by intimidation:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

The second paragraph prohibits entering a bank with the intent to commit a felony:

4

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny.

18 U.S.C. § 2113(a). The offense created by the first paragraph of Section 2113(a) is a "crime of violence" under the elements clause. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016);[3] *Johnson*, 2019 WL 193916, at *2. The offense created by the second paragraph is not necessarily a "crime of violence" under the elements clause. *See McBride*, 826 F.3d at 296–97.

Under the modified categorical approach, it is clear that Gonyea's two bank robbery convictions under Section 2113(a) were "crimes of violence." Both of the Section 2113(a) charges in the indictment alleged that Gonyea violated the first paragraph of the statute when he committed the bank robberies "by force, violence, and intimidation." (Superseding Indictment, No. 94-cr-80346, ECF No. 11, PageID.1–2.) And during Gonyea's direct appeal, the Sixth Circuit confirmed that a "grand jury indicted [Gonyea] for bank robbery pursuant to the first paragraph of

---

[3] *McBride* addressed whether the offense created by the first paragraph of Section 2113(a) is a "crime of violence" under the career offender provision of the United States Sentencing Guidelines. But the Sixth Circuit construes that term in Section 924(c)(1)(A) and in the career offender provision of the Guidelines in the same manner. *See United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017) ("[The sentencing guidelines provision] mirrors the elements clause in [Section 924(c)(3)(A)], and we typically interpret them the same way.").

[Section] 2113(a)." *Gonyea*, 140 F.3d at 653. Because Gonyea was charged with, and convicted of, violating the first paragraph of Section 2113(a), his two bank robberies were "crimes of violence," and his two convictions for violating Section 924(c)(1)(A) remain valid.

## III

Gonyea also contends that his 351-month sentence, including twenty-five years in mandatory minimums for his two Section 924(c)(1)(A) convictions, violates the Eighth Amendment. (*See* Pet., ECF No. 1, PageID.19.) According to Gonyea, this sentence is the "equivalency of a life sentence" given his advanced age. (*Id.*, PageID.6.) And Gonyea's sentence, which resulted in part from the "stacking" provision of Section 924(c), is more severe than the law's current penalty since Congress eliminated the stacking provision with the First Step Act of 2018. (*See id.*; First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5221–22, § 403 (2018)). Gonyea contends that the severity of his sentence here is grossly disproportionate to the gravity of his offense. (*See* Pet., ECF No. 1, PageID.19–26 (citing, among other cases, *Graham v. Florida*, 560 U.S. 48 (2010), *Ewing v. California*, 538 U.S. 11 (2003), and *Solem v. Helm*, 463 U.S. 277 (1983)).)

The Court is not persuaded that Gonyea's sentence is grossly disproportionate to his crimes. Gonyea, while on parole for murder, committed two armed, violent robberies at the same bank. (*See* Resp., ECF No. 6, PageID.42–43; *Gonyea*, 140 F.3d

at 650.) Gonyea and his accomplice forced customers to the ground at gunpoint, attempted to kill one customer, and threatened to kill other customers. (*See id.*) The Sixth Circuit has upheld far longer Section 924(c) mandatory minimum sentences than Gonyea's. *See, e.g.*, *United States v. Clark*, 634 F.3d 874, 877–78 (6th Cir. 2011) (189 years and one month); *United States v. Watkins*, 509 F.3d 277, 282–83 (6th Cir. 2007) (147 years and eight months); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (116 years and three months as well as 186 years and ten months). As in *Clark*, "the armed robberies [Gonyea] committed were far from trivial offenses." 634 F.3d at 878. "In light of the seriousness and sheer number of crimes [Gonyea] committed, his sentence is not grossly disproportionate to the crimes for which he was convicted." *Id.*

Because Gonyea's sentence was not grossly disproportionate to the offenses he committed, the Court will also deny Gonyea's Petition for relief from his sentence on Eighth Amendment grounds.

## IV

For the reasons explained above, **IT IS HEREBY ORDERED** that Gonyea's Petition (ECF No. 1) is **DENIED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2019, by electronic means and/or ordinary mail.

                                                                              s/Holly A. Monda
                                                                              Case Manager
                                                                             (810) 341-9764